**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **OTTO R. MEDINA,** | **CASE NO. 2:06-cv-921** |
| | **JUDGE HOLSCHUH** |
| Petitioner, | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **JEFFREY WOLFE, Warden,** | |
| Respondent. | |

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request to amend the petition to delete claim three, *see Traverse*, is **GRANTED**.

**I. FACTS and PROCEDURAL HISTORY**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> The following facts are based primarily on the testimony of the victim. There were no other witnesses to the crime and appellant did not testify.
>
> On the evening of June 9, 2002, at approximately 7:15 p.m., Miguel Escobar went to La Cantina, a bar and pool hall near the Lincoln Park area of Columbus, Ohio. Escobar was in La Cantina for about 10 to 20 minutes when he was confronted by appellant. The appellant was romantically involved with Escobar's former girlfriend, Yerika Allejo. Appellant quickly became confrontational and accused Escobar of telling Allejo that appellant was a drug dealer and a thief. Appellant indicated that he wanted to "settle" the problem with

Escobar. Escobar understood this to mean that appellant wanted to fight. Escobar followed appellant outside where they each got into their respective cars. Escobar was to follow appellant to a destination away from the bar. Escobar drove a white Chevrolet Astro van and appellant drove a green car.

After driving several blocks, appellant suddenly braked, causing Escobar's vehicle to hit appellant's vehicle. At that same instant, Escobar noticed that appellant was holding a handgun. Appellant did a quick U-turn so that his vehicle was facing Escobar's vehicle. Appellant then fired a handgun at Escobar. The bullet struck the driver's side mirror, entered Escobar's left shoulder, exited near Escobar's neck and then shattered on a metal bar in the driver's seat. Escobar testified that he was able to get a good look at appellant's face as appellant fired at him.

Escobar drove himself immediately to the emergency room at Doctor's West Hospital. Appellant followed him until they got close to the hospital. Escobar left his car running in the parking lot and ran into the hospital where he received treatment for his injuries.

A hospital employee notified law enforcement authorities of Escobar's injuries. Shortly thereafter, a sheriff deputy interviewed Escobar in the hospital. Escobar identified appellant as the shooter by name. Based upon this identification, appellant's name was broadcast over the police radio. At about the same time, appellant reported a hit-skip accident to the security officers at the Lincoln Park subdivision.

Sheriff deputies responded to Lincoln Park and found appellant. Appellant consented to a search of his automobile. No evidence relating to the crime was discovered. The deputies drove appellant to Doctor's West Hospital where appellant identified Escobar's vehicle as the vehicle that hit his vehicle in the Lincoln Park complex. The deputies then took appellant to Escobar. Escobar immediately identified appellant as the person who shot him. Sometime later, Escobar also picked appellant's photo out of a photo array.

The handgun allegedly used by appellant was never recovered. A gunshot residue test administered to appellant three hours after the shooting was negative. Both Escobar's vehicle and appellant's vehicle exhibited damage consistent with Escobar's description of the automobile accident.

Appellant was indicted for felonious assault, a felony of the second

>degree, with firearm specification. The case was tried to a jury. The first trial resulted in a hung jury. The case was re-tried in May 2005. The jury found appellant guilty as charged. The trial court imposed a three-year term of imprisonment for felonious assault, consecutive to a three-year term for the firearm specification.

*State v. Medina*, 2006 WL 832522 (Ohio App. 10 Dist. March 31, 2006); Exhibit 9 to Return of Writ. Represented by new counsel, petitioner filed a timely appeal. He raised the following assignments of error:

>1. THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE DOES NOT SUSTAIN A VERDICT OF GUILTY OF THE OFFENSE OF FELONIOUS ASSAULT WITH FIREARM SPECIFICATION IN VIOLATION OF SECTION 2903.11 OF THE OHIO REVISED CODE, A FELONY OF THE SECOND DEGREE.
>
>2. DUE TO A SUBSTANTIAL VIOLATION OF AN ESSENTIAL DUTY OF TRIAL COUNSEL, APPELLANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL.

*See id.* On March 31, 2006, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file a timely appeal. On May 26, 2006, he filed a motion for delayed appeal with the Ohio Supreme Court. Exhibit 13 to Return of Writ. On August 2, 2006, the Ohio Supreme Court granted the motion for delayed appeal. Petitioner raised the following propositions of law:

>1. The due process guarantees of the United States and Ohio Constitutions require that criminal convictions be based upon sufficient credible evidence.
>
>2. Due to a substantial violation of an essential duty of trial counsel, appellant had ineffective assistance of counsel during his trial.

Exhibit 14 to Return of Writ. On October 18, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 16 to

3

Return of Writ.  Meanwhile, on January 30, 2006, again represented by counsel, petitioner filed a petition for post conviction relief, in which he asserted that his convictions were against the manifest weight of the evidence, that the evidence was insufficient to sustain his convictions, and that he was denied the effective assistance of counsel.  Exhibit 18 to Return of Writ.  On July 5, 2006, the trial court denied the petition.  Exhibit 20 to Return of Writ.  Petitioner never filed an appeal of the trial court's decision.[1]

On November 1, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  The due process guarantees of the United States and Ohio Constitutions require that criminal convictions be based upon sufficient credible evidence.
>
> 2.  Due to a substantial violation of an essential duty of trial counsel, petitioner had ineffective assistance of counsel during trial.
>
> 3.  Petitioner was denied the rights of a trial by jury and due process guaranteed by the Ohio and United States Constitution when the trial court imposed more than the minimum sentence based on facts not found by the jury.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## II.  CLAIM ONE

---

[1] Petitioner states that he did not receive a copy of the trial court's entry denying his post conviction petition from counsel until after the time to file an appeal had already expired.  *Petition,* at 4.

4

In claim one, petitioner asserts that the evidence was constitutionally insufficient to sustain his conviction on felonious assault with a firearm specification because

> there was absolutely no evidence other than Escobar's word. There was no eye witness to [the] shooting. The state's case was entirely circumstantial. No one heard a shot fired, no witnesses to the high speed chase. Escobar also denied knowing petitioner, inconsistent with the responding officer's testimony.

*Petition,* at 5. The state appellate court rejected this claim as follows:

> Appellant contends in his first assignment of error that the weight and sufficiency of the evidence does not support the guilty verdict. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins* (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, each standard will be separately delineated.
>
> The Supreme Court of Ohio described the role of an appellate court presented with a sufficiency of the evidence argument in *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
>
> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
>
> Whether the evidence is legally sufficient is a question of law, not fact. *Thompkins, supra*, at 386. Indeed, in determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, evaluation of the witness' credibility is not proper on review for evidentiary sufficiency. *State v. Yarbrough,* 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; *State v. Thomas* (1982), 70 Ohio St.2d 79, 80 (weight to be

given the evidence and the credibility of the witnesses is primarily for the trier of fact). A jury verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh* (2001), 90 Ohio St .3d 460, 484; *Jenks,* supra, at 273.

\*\*\*

Appellant was convicted of one count of felonious assault with a firearm specification in violation of R.C. 2903.11. Therefore, the state had to prove beyond a reasonable doubt that appellant knowingly caused serious physical harm to another or knowingly caused or attempted to cause physical harm to another by means of a deadly weapon or dangerous ordnance. R.C. 2903.11(A)(1) and (2). In order to be convicted of the firearm specification, the state had to prove beyond a reasonable doubt that appellant had a firearm on or about his person or under his control while committing the felonious assault, and/or brandished and/or indicated that he possessed the firearm, and/or used the firearm to facilitate the felonious assault. R.C. 2941.145.

Appellant first argues that the state's evidence was insufficient to support a conviction. We disagree. The victim, Escobar, testified that he got a good look at the face of the person who shot him. Escobar identified appellant by name as the shooter immediately after receiving treatment in the emergency room at Doctor's West Hospital. Later that evening, Escobar positively identified appellant as the shooter when appellant was brought to the hospital by police. Thereafter, Escobar also picked out appellant's picture from a photo array. Escobar testified that appellant was angry because appellant believed that Escobar was saying bad things about him to a woman with whom appellant was romantically involved. Moreover, Escobar's vehicle hit appellant's vehicle immediately before the shooting. Therefore, appellant had a motive to harm Escobar.

Although Escobar's credibility was challenged, we cannot conclude that his testimony lacked credibility to such an extent that his testimony should be completely disregarded. Even though a gun was never found and appellant's gun residue test was negative, there was some physical evidence to support Escobar's testimony. It was undisputed that Escobar suffered serious injuries to his shoulder and neck as a result of a gunshot wound. Both Escobar's vehicle and appellant's vehicle exhibited damage consistent with Escobar's

6

>description of the incident. Appellant reported a hit-skip accident in the immediate vicinity where Escobar indicated the crime occurred, thereby placing him at the crime scene. Appellant also identified Escobar's vehicle as the vehicle that hit his vehicle in the Lincoln Park complex. Viewing this evidence in a light most favorable to the prosecution, as we must in assessing a sufficiency claim, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of felonious assault for shooting Escobar. Accordingly, appellant's felonious assault conviction with firearm specification was supported by sufficient evidence.
>
>... again, Escobar's testimony was uncontroverted. His testimony was corroborated by physical evidence. The fact that Escobar was shot was not disputed and the damage to both vehicles was consistent with Escobar's description of events. Appellant had a motive to harm Escobar and appellant was picked up very near the crime scene shortly after the crime was committed....
>
>Having determined that appellant's conviction for felonious assault with a firearm specification was supported by sufficient evidence... we overrule appellant's first assignment of error.

*State v. Medina*, *supra*; Exhibit 9 to Return of Writ.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e) provides:

>(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

*Id*. Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record. 28 U.S.C. §2254(d) provides:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* 28 U.S.C. § 2254(d). Review of the record fails to indicate that the state appellate court's decision is unreasonable so as to justify federal habeas corpus relief.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Petitioner has failed to meet this standard here.

To the extent that petitioner contends that his conviction was against the manifest weight of the evidence, such claim is not appropriate for federal habeas corpus review. The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir.1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt.

8

*Jackson v. Virginia,* 443 U.S. 307, 319 (1979). In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. *Jackson,* 443 U.S. at 319; *Walker,* 703 F.2d at 969.

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida,* 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia, supra,* 443 U.S. at 319. To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West,* 505 U.S. 277, 296 (1992)(citing *Jackson,* at 319.) The prosecution is not affirmatively required to "rule out every hypothesis except that of guilty." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume-even if it does not appear on the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326).

9

Petitioner contends that the evidence against him was circumstantial, and therefore must have been inconsistent with any reasonable hypothesis of innocence to sustain his conviction(s).  *See Traverse.*  However, as discussed by the state appellate court, petitioner was convicted on the basis of Escobar's testimony identifying him as the shooter and corroborating physical evidence.  Contrary to petitioner's argument, the evidence was not solely circumstantial.  Further, the United States Court of Appeals for the Sixth Circuit has held:

> " 'Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt.' " *[United States v. Spearman,* 186 F.3d 743, 746 (6th Cir.1999)] (quoting *United States v. Vannerson,* 786 F.2d 221, 225 (6th Cir.1986)).

*United States v. Blackwell*, 459 F.3d 739, 760 (6th Cir. 2006).

For the reasons detailed by the state appellate court, this Court likewise concludes that, when viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia, supra*, the evidence was constitutionally sufficient to sustain petitioner's conviction on felonious assault with a firearm specification.

Claim one is without merit.

### III.  CLAIM TWO

In claim two, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to present certain defense witnesses and evidence to show that Escobar hated petitioner, had tried to extort $5,000.00 from petitioner in return for dropping the charges, was racist, and was stalking petitioner's girlfriend.  *Petition,* at 5; *Traverse*, at 13-15.  In support of this claim, petitioner refers to exhibits he attached to his petition for post conviction relief.  *See Traverse;* Exhibit 18 to Return of Writ.  Unfortunately, these exhibits have not been made a part of the record

10

before this Court; however, petitioner's off-the-record ineffective assistance of counsel claim is, in any event, procedurally defaulted.

Respondent did not raise the issue of procedural default as to this claim. While federal courts are not required to *sua sponte* raise the issue of procedural default, neither are they precluded from doing so. *See Elzy v. United States,* 205 F.3d 882, 886 (6th Cir.2000), citing *Test v. Cain, supra,* 522 U.S. at 87; *Rosario v. United States,* 164 F.3d 729, 732-33 (2nd Cir.1998); *see also Day v. McDonough,* 126 S.Ct. 1675, 1682 (2006), noting that

> the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default, *i.e.,* a petitioner's failure properly to present an alleged constitutional error in state court, and the consequent adequacy and independence of state-law grounds for the state-court judgment. *See Brewer v. Marshall,* 119 F.3d 993, 999 (C.A.1 1997); *Rosario v. United States,* 164 F.3d 729, 732 (C.A.2 1998); *Sweger v. Cheney,* 294 F.3d 506, 520 (C.A.3 2002); *Yeasts v. Anemone,* 166 F.3d 255, 261 (C.A.4 1999); *Maguire v. Phillips,* 144 F.3d 348, 358 (C.A.5 1998); *Swell v.. Bradshaw,* 372 F.3d 821, 830 (C.A.6 2004); *Coarse v. Jordan,* 146 F.3d 435, 440 (C.A.7 1998); *King v. Lemna,* 266 F.3d 816, 822 (C.A.8 2001) (en banc); *Van v. Nevada,* 329 F.3d 1069, 1073 (CA .9 2003); *United States v. Wiseman,* 297 F.3d 975, 979 (C.A.10 2002); *Moon v. Head,* 285 F.3d 1301, 1315, n. 17 (C.A.11 2002).

*Id*. This is especially true where, as here, petitioner has had the opportunity to respond to the arguments in support of procedural default. *Howard v. Bouchard,* 405 F.3d 459, 476 (6th Cir.2005), citing *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir.2002); *Elzy v. United States,* 205 F.3d at 886. Petitioner may respond to the issue in any objections to the *Report and Recommendation*.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims

11

to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

Although petitioner properly raised his off-the-record claim of ineffective assistance of

counsel in post conviction proceedings, he failed timely to appeal the trial court's decision denying his claim. Further, he may now no longer do so, as Ohio does not permit delayed appeals in post conviction proceedings. *State v. Nichols*, 11 Ohio St.3d 40, 43 (1984). The state courts never had an opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been met.[2]

This Court must also decide whether the procedural rule applicable to these claims constitute adequate and independent bases upon which to foreclose review of those claims. This task requires the Court to balance the state's interests underlying the procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith,* 785 F.2d at 138. Under this analysis, the procedural rules barring consideration of these claims constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals in post conviction proceedings and the requirement that all available claims be asserted at the first opportunity to do so serve the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Petitioner therefore has waived his right to present any off-the-record claim of ineffective assistance of counsel in these federal habeas corpus proceedings.

Petitioner can still secure review of this claim on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner states that he "received [the] entry denying post conviction

---

[2] The state appellate court, in its rejection of petitioner's claim on direct appeal, noted that it could not consider any off-the-record evidence on direct appeal, and that petitioner's off-the-record claim would properly be raised in post conviction proceedings. *See* Exhibit 9 to Return of Writ, *infra.*

relief too late from counsel to file an appeal." *Petition*, at 4. However, the ineffective assistance of counsel cannot constitute cause where there was no constitutional right to effective counsel in the proceeding in question; there is no right to counsel in post conviction proceedings. *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir.2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v.. Finley*, 481 U.S. 551, 555 (1987)("[T]he right to counsel extends to the first appeal of right, and no further."); *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir.2005). Petitioner has failed to demonstrate cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'

14

" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589 (6th Cir.2004) (footnote omitted). Petitioner has failed to meet this standard.

## IV. CLAIM THREE

Petitioner has requested to withdraw claim three from the habeas corpus petition. *See Traverse*. His request is **GRANTED**.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge